UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIMBALL LODGE
CONDOMINIUM ASSOCIATION,
INC.,

Case No. 2:24-cv-662-KCD-NPM

   Plaintiff,

 v.

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

   Defendant,

           /

## ORDER

Plaintiff Kimball Lodge Condominium Association, Inc. allegedly suffered flood damage during Hurricane Ian. It sought coverage from its insurer, Defendant Wright National Flood Insurance Company, but eventually filed this breach-of-contract lawsuit after Wright paid only a portion of the claim. (Doc. 1.)[1] To assess the scope and cost of the damage, Wright retained John W. Crawford, a professional engineer, to evaluate the property. Unhappy with his findings, the Association now moves to exclude Crawford's testimony under Federal Rule of Evidence 702. (Doc. 38.) In the Association's view, his report strays from technical engineering analysis and

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

crosses into the realm of impermissible legal conclusions. Wright opposes the motion. (Doc. 39.)

Federal Rule of Evidence 702 tasks district courts with a critical gatekeeping role: keeping unreliable expert testimony out of the courtroom. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). To make it through the gate, the party offering the expert must show three things: the expert is qualified to testify competently, the methodology underlying the testimony is sufficiently reliable, and the testimony will help the trier of fact understand the evidence or resolve a disputed fact. *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 562 (11th Cir. 1998). But playing gatekeeper does not mean supplanting the adversary system. *See Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003). So long as an expert grounds their opinion in reliable principles, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

The Association asks the Court to strike Crawford's opinions, pointing to five conclusions it claims are disguised legal instructions. (Doc. 38 at 3-5.) Its motion promises that Crawford's full "Flood Damage Assessment" is attached, yet there was no exhibit provided. Wright spots the missing exhibit and flags it in a footnote. (Doc. 39 at 2 n.5.) But Wright then leaves the Court

similarly empty-handed, choosing not to attach the report to its own response.

That leaves the Court with a *Daubert* motion untethered to a *Daubert* record. The gatekeeping function under Rule 702 demands a rigorous, hands-on review of the expert's methodology. *See United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) ("This function inherently require[s] the trial court to conduct an exacting analysis of the foundations of expert opinions to ensure they meet the standards for admissibility under Rule 702."). We have to look at what data the expert used, what principles he applied, and how he connected the dots from the facts to his conclusions. A court simply cannot perform that exacting analysis based on an adversary's five-bullet-point paraphrase of the expert's findings. Without seeing Crawford's report, the Court has no way to tell whether he is reliably applying engineering expertise or impermissibly interpreting the insurance contract. Because the record is missing the very document the Court has been asked to evaluate, the Association's motion is **DENIED WITHOUT PREJUDICE**.

One last point. The Association is not asking to exclude Crawford. Rather, it takes aim at a few opinions that are allegedly impermissible legal conclusions. That kind of granular line-drawing is almost always better left for trial. And because this case will be a bench trial (Doc. 32), the ordinary fears of a jury being led astray by improper expert testimony are not present.

3

*See United States v. Brown*, 415 F.3d 1257, 1268-69 (11th Cir. 2005). If Wright attempts to elicit the disputed opinions on the stand, the Association can raise its objections in real time. The Court can then hear the testimony in context, separate the technical engineering analysis from any improper contract interpretation, and give the testimony exactly the weight it deserves.

**ORDERED** in Fort Myers, Florida on July 7, 2026.

Kyle C. Dudek
United States District Judge

4